IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CARLTON WRIGHT,

    Plaintiff

v.                                                    4:14-CV-00027-SEB-TAB

CLARK COUNTY SHERIFF
DANIEL RODDEN (in his official capacity),

    Defendant

## FINAL APPROVAL ORDER

This Action, pursuant to this Court's Preliminary Approval of Settlement Agreement (the "Preliminary Approval Order") dated June 21, 2016, having come before this Court for a Fairness Hearing on September 9, 2016, to consider and determine the matters set forth in the Preliminary Approval Order; due notice of the Fairness Hearing having been published and given; and given that there were no timely objections to the proposed settlement set forth in the Settlement Agreement (the "Agreement") and described in the Class and Settlement Notice, having been given an opportunity to present such objections to this Court; and this Court having considered the matter, including all papers filed in connection therewith and the oral presentations of counsel at the Fairness Hearing; and the good cause appearing therefore, the Court finds as follows:

# FINDINGS

## General Findings

1. The Court previously certified the Settlement Class in this Action, under Fed. R. Civ. P. 23(b)(3), as:

   All persons who were arrested without a warrant from December 27, 2009 to January 27, 2011 and detained in the Clark County Jail for more than forty-eight hours without a judicial determination that probable cause existed justifying their continued detention for the offense for which they were arrested and without other valid legal reason to hold the arrestee including, but not limited to, a warrant or hold from another jurisdiction.

2. The Settlement Class is comprised of two groups:

   a. <u>Group I</u>. The Named Plaintiff and all Class Members, who suffered a loss of liberty as a result of being over-detained.

   b. <u>Group II.</u> Individual Class Members who also timely submitted Claims Forms with respect to alleged emotional distress, mental anguish, loss of income/wages, or other special damages above and beyond loss of liberty.

3. The class representative for the Settlement Class is Named Plaintiff Carlton Wright.

4. Class Counsel for Named Plaintiff and the Settlement Class is Christopher C. Myers and Ilene M. Smith.  Class Counsel is competent to represent the Settlement Class and is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Agreement, and other acts necessary to consummate the Agreement.

5. Pursuant to Fed. R. Civ. P. 23, the Court considered the following points in appointing Class Counsel:

   a. The work Class Counsel have done in identifying and investigating potential claims in this Action;

    b. Class Counsel's experience in handing civil rights actions and other similar actions;

    c. Class Counsel's knowledge of the applicable law;

    d. The resources Class Counsel committed to representing the Settlement Class; and

    e. Other matters pertinent to Class Counsel's ability to fairly and adequately represent the interests of the Settlement Class.

6. This Court has jurisdiction over this Action and all Parties hereto.

### Fairness, Reasonableness, and Adequacy of Settlement

7. The settlement amount of One Million Six Hundred Thousand and 00/100 Dollars ($1,600,000.00) is fair, reasonable, and adequate.

8. The terms of the Agreement constitute a fair, reasonable, and adequate settlement in the best interest of the Settlement Class as a whole, and the terms of the Agreement satisfy Federal Rule of Civil Procedure 23 and due process requirements.

9. The monetary relief provided for in the Agreement fairly, reasonably, and adequately compensates for all alleged violations of rights and all claims, and other incidents of incarceration, by the Class Members that were, or could have been, brought in this Action under any theory of liability, related to the alleged unlawful over-detentions.

10. The Agreement settling this Action is not the product of collusion between Named Plaintiff and Defendant, or their respective counsel, rather the Agreement is the result of bona fide and arm's length negotiation conducted in good faith by the Parties.

11. The Named Plaintiff adequately represents the Settlement Class for the purpose of consummating and implementing the Agreement.

### Notice

12. As required by this Court in its Preliminary Approval Order:

    a. Plaintiffs' Proposal of the Settlement Attorneys' Fee Award was filed May 9, 2016.

    b. Notice was timely mailed to all Class Members or their representatives whose addresses could be obtained with reasonable diligence, and to all potential Class members who requested a copy.

    c. Notice of the Proposed Settlement was published on July 15, 2016 in the Louisville Courier Journal Sunday Edition, which is generally recognized as having the largest circulation in the area and most likely to reach the most potential class members.

    d. Notice is in full compliance with Rule 23 of the Federal Rules of Civil Procedure and due process, and (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of this Action and of their right to object to this Agreement; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of due process and federal law.

    e. The Final Approval Hearing was held on September 9, 2016.

### Objections

13. There were no timely filed written objections to the Settlement Agreement. Plaintiffs' counsel advised the Court during the Fairness Hearing that they had been contacted via telephone on the morning of the hearing by Ramira Osmanovic who claimed she had been overdetained more than the parties agreed-to chart showed. Given that Ms. Osmanovic did not timely file a written objection as required by the Court's preliminary approval order and that she remains part of the Class who will receive a benefit from the settlement, the Court will overrule her objection. In sum, the Court concludes there were no timely filed written objections to the Settlement Agreement.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

### **APPROVAL OF SETTLEMENT TERMS AND AMOUNT**

14. The Agreement, including all terms and conditions therein, is hereby approved, except as explicitly provided in this Final Approval Order.

15. This Order incorporates by reference all defined terms in the Agreement and incorporates all Exhibits to the Agreement. All terms defined in the Agreement shall have the same meaning in this Order.

16. The monetary relief provided under the Agreement fairly, reasonably, and adequately compensates Class Members for all alleged rights violations, all claims and any other incidents of incarceration of the Class Members which were, or could have been, brought in the above-captioned civil action under any theory of liability for any claims related to allegedly unlawful over-detentions, except as to any monetary damages for the individual Class Member who timely elected to opt-out of the class.

## PAYMENT BY THE CLARK COUNTY SHERIFF

17. Class Counsel shall establish a trust account for the purpose of holding the Settlement Fund and shall provide Claims Administrator access to the trust account for the administration of the Settlement Fund by Claims Administrator pursuant to the Agreement.

18. Defendant shall pay a total of One Million Six Hundred Thousand and 00/100 Dollars ($1,600,000.00), into the trust account, less any amounts Defendant previously paid out in the settlement of this Action as ordered by the Court. This payment constitutes the Settlement Fund.

19. Defendant shall pay the Settlement Fund by the later of the following:

    a. Fifteen (15) days after any appeal taken from this Order is fully and finally resolved and is no longer subject to review by any court; or

    b. Forty-Five (45) days after the entry of this Order, if no appeal is taken.

20. Defendant shall not be required to pay an amount exceeding One Million Six Hundred Thousand and 00/100 Dollars ($1,600,000.00) to the Settlement Fund.

## ATTORNEYS' FEE AWARD

21. Class Counsel shall receive from the Settlement Fund an Attorneys' Fee Award of Six-Hundred Thousand and 00/100's Dollars ($ 600,000.00), and present costs of $312.69.

22. Class Counsel filed with their Petition for Fees, a Supplemental Exhibit A, which was reviewed. Supplemental Exhibit A listed maximum estimated fees and costs that may be

incurred by the Class.  Supplemental Ex. A contained an itemized listing of the following:

   a. Class Counsel's requested fees amount of $640,000.00.  The Court reduced this award to $ 600,000.00;

   b. An estimate for future costs to Class Counsel, is capped at $2,000.00.  (Any residual will be distributed to the class members pursuant to the second round of distributions);

   c. Current costs ($7,031.00) and maximum future incurred costs ($1,000.00) from Class Administrator Homefront Legal Services;

   d. Costs attributable to publication of the Notice of Settlement ($ 8,950.90, already paid by Defendant, and to be credited to the Defendant from the settlement funds)

   e. Maximum estimated future costs of a Special Master ($7,000.00);

   f. Costs of a $5,000.00 incentive award to the class representative Carlton Wright;

   g. An estimated maximum of $10,000.00 for total special damages to be paid from the settlement funds;

   h. The fees, costs and expenses listed on Class Counsel's Supplemental Ex. A represented a proposed capped maximum amount that might be paid by the Class for each listed category of costs and expenses.

23. The Court may issue a further award of costs for all additional costs to Class Counsel provided they are properly itemized in a supplemental Petition (but not to exceed the cap of $2,000.00 set forth in Supplemental Ex. A of Class Counsel's Fee Petition).

24. The final Attorneys' Fee Award and costs shall be paid within five (5) days of Defendant's delivery of funds to the Settlement Fund.

## ADMINISTRATIVE COSTS

25. Claims Administrator is hereby authorized to receive an award for costs of administering the Agreement in an amount not exceeding Eight Thousand, Thirty-One and no cents ($8,031.00). At the conclusion of administration of the Agreement, when funds are ready to be distributed to Class Members, if the administrative costs exceed the amount authorized herein, the Court shall, upon petition by Claims Administrator, make an additional award of administration costs to Claims Administrator to cover the full costs of administration. If the administration costs exceed the amount stated herein, and the Court awards additional costs, the additional costs shall be paid out of the Settlement Fund. If the administration costs are less than the amount stated herein, the amount will go back into the fund to be distributed to the Class Members

## DISTRIBUTION PLAN

26. The Distribution Plan in the Agreement is hereby approved.

27. Claims Administrator shall make distributions calculated pursuant to the Agreement in the manner set forth in the Distribution Plan.

28. Each Class Member's period of incarceration shall be determined based solely upon the information obtained by the arrest records, enforcement records from the Clark County Sheriff's Department, and court records as supplemented by other arresting agencies within Clark County.

29. Pursuant to the Agreement, Claims Administrator shall scale the distributions based upon the length of over-detention beyond forty-eight (48) hours after the Class Members' arrest without a warrant.

    a. Class Members shall receive a payment from the Settlement Fund for the time they were unconstitutionally over-detained at an hourly rate of between Nineteen and 00/100 Dollars ($19.00) and Twenty-Two and 00/100 Dollars ($22.00).

    b. Each Class Member's period of incarceration shall be determined based solely upon the information obtained by the arrest records and law enforcement records from the Clark County Sheriff's Department, as supplemented by other arresting agencies within Clark County.

30. Individual Special Damages Awards shall be paid pursuant to the Agreement.

    a. Class Members may receive an additional award based upon their provable individual special damages, if the Class Member made a timely claim for special damages.

    b. Any such amount shall be determined by the Special Master.

    c. The Special Master shall:

        i. Consider each special damages claim; and

        ii. Render a decision as to the amount, if any, of special damages owed to a Class Member.  All decisions of the Special Master are Final.

        iii. Costs incurred by the Special Master shall be paid from the Settlement Fund.

31. Class Representative Carlton Wright is to be paid a $5,000.00 incentive award from the settlement funds.  This is in addition to any compensation he is entitled to receive for general or special damages claimed by him in this case.

32. If the total of the Attorneys' Fee Award, Administration Costs, Incentive Award, Individual Special Damages Awards, costs of the Special Master, and payments to Class

Members exceeds the amount of the Settlement Fund, then payment distributions to Class Members shall be reduced on a *pro rata* basis.

33. Claims Administrator shall make the distribution of payments to Class Members by first class U.S. Mail within thirty (30) days of Defendant's payment to the Settlement Fund.

34. If after a period of 90 days from distribution, according to paragraphs 46 and 47 of the Settlement Agreement, settlement checks remain uncashed, and Claims Administrator attempts to reissue checks pursuant to paragraph 48 of the Settlement Agreement and checks remained uncashed or unclaimed, the Court orders the unclaimed funds to be split evenly between a reversion back to Governmental Interinsurance Exchange, as insurer of Clark County Sheriff Danny Rodden and a second distribution to those Class Members who cashed their first distribution.  Each Class Member who cashed their first distribution check shall be entitled to an equal distribution of a share from the 50% of the unclaimed funds.  This method shall continue until there is no remaining unclaimed fund.

35. After distribution of the first round of settlement checks and payments for special damages awards, the Class Representative Incentive award, the attorneys fee award, and other costs owed from the Class Administrator and Special Master, there may be residual funds that are not attributable to unclaimed funds.  Those residual funds shall be redistributed to the participating Class Members, on a *pro rata* basis and included with the funds sent out as part of the second distribution of checks that are sent to address unclaimed class member funds.

36. Claims Administrator shall file a final report with the Court within sixty (60) days after the conclusion of the administration of the Agreement.

**DISMISSAL AND RELEASES**

37. This Action is hereby dismissed, with prejudice, and without costs, with such dismissal subject only to the Parties' compliance with the Agreement and this Final Approval Order.

38. As of the Agreement's Effective Date, Named Plaintiff and the Settlement Class conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendant and the other Releasees, except as to the Class Member who timely opted out from the Settlement Class.

39. Named Plaintiff and all Class Members are hereby severally and permanently barred and enjoined, to the fullest extent permitted by law, from the following:

    a. Filing, commencing, prosecuting, intervening, or participating in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action in, or the facts and circumstances relating to, this Action or the Released Claims; and

    b. Organizing Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action in, or the facts and circumstances relating to, this Action or the Released Claims.

## OTHER PROVISIONS

40. This Final Approval Order and the Agreement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims.

41. The Court reserves and maintains jurisdiction over the Agreement and the administration thereof. Disputes between the Parties or unresolved aspects of this Order or the Agreement shall be subject to further review by this Court.

42. If an appeal is filed and, as a result thereof, the Agreement is not ultimately approved, then this Action shall revert to active litigation, and the Defendant shall have no obligation to pay Settlement Funds not previously paid for Administrative Costs and the interim Attorneys' Fee Award.

43. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and, therefore, directs entry of this Final Approval Order.

SO ORDERED.

Date: 9/12/2016

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Copies to:**

R. Jeffrey Lowe, KIGHTLINGER & GRAY, LLP, Bonterra Building, Ste. 200, 3620 Blackiston Blvd., New Albany, IN 47150

Christopher C. Myers, Ilene M. Smith, CHRISTOPHER MYERS & ASSOCIATES, 809 S. Calhoun St., Ste. 400, Fort Wayne, IN 46802